## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**MIGUEL POUSSON**                          **CASE NO.  6:22-CV-04717**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**SOUTHERN FIDELITY INSURANCE CO**   **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 24] filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by defendant Louisiana Insurance Guaranty Association ("LIGA"). Plaintiff opposes the motion. Doc. 27.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. Plaintiff, who was then represented by counsel from the law firm of McClenny Moseley & Associates, filed suit in this court against his insurer, Southern Fidelity Insurance Company, on August 25, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1. All cases filed by plaintiff's counsel were suspended due to concerns about misconduct committed by that firm. Docs. 4, 9. New counsel enrolled for plaintiff on October 9, 2023, and the stay was then lifted. Doc. 15.

Meanwhile, Southern Fidelity became insolvent. Plaintiff's new counsel thus moved to substitute Louisiana Insurance Guardian Association ("LIGA") as defendant.

Doc. 16. The court granted the motion and LIGA was served. LIGA now brings this motion to dismiss for lack of subject matter jurisdiction, arguing that plaintiff lacks standing because he never made a claim on his insurance policy before filing suit. Doc. 24. Plaintiff opposes the motion, asserting that his failure to provide pre-suit notice is not fatal to his claims in this matter. Doc. 27.

## II.
## LAW & APPLICATION

### A.  Legal Standard

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

### B.  Application

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of*

*Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Under Article III of the United States Constitution, a plaintiff has standing if he has suffered (1) "an injury in fact" (2) that is "fairly traceable to the defendant's challenged behavior" and (3) is "likely to be redressed by a favorable ruling." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Also contained within Article III's "case or controversy" limitation is the requirement that a suit be "ripe." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714–15 (5th Cir. 2012). This means that the controversy "must be such that it can be presently litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).

LIGA was established by the Louisiana legislature to address situations where an insurer becomes insolvent while policyholders still have unresolved claims. Carey J. Guglielmo & Daniel J. Balhoff, *The ABC's of LIGA*, 53 La. L. Rev. 1759, 1759 (1993); *see* La. R.S. § 22:2052. As such, it has the capacity to be sued for the insolvent insurer's liabilities and to assert whatever defenses were available to that insurer. *United States for Use and Benefit of Bernard Lumber Co., Inc. v. Lanier-Gervais Corp.*, 896 F.2d 162, 169 (5th Cir. 1990). Under the Southern Fidelity policy's "Duties After Loss," plaintiff was required to "[g]ive prompt notice" of his claim to the insurer. Doc. 24, att. 2, p. 8. The policy also provides: "No action can be brought unless the policy provisions have been complied with . . . ." *Id.* at 9. LIGA asserts, and plaintiff does not contest, that there is no evidence he notified Southern Fidelity of his claim before filing suit. Accordingly, LIGA maintains that he cannot show an injury in fact because he failed to fulfill the policy's

terms. It also asserts that the suit is not ripe because plaintiff can only bring an action once he has notified his insurer of the claim. Plaintiff maintains that the notice requirement is not an express condition of the policy and that LIGA has suffered no prejudice by plaintiff's potential late notice.

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* For a notice provision to act as a condition precedent to coverage, the language in the contract must be explicit and such a condition cannot be inferred. *Transcon. Pipeline Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 378 F.Supp.2d 729, 738 (M.D. La. 2005) (citing *Am. Safety Risk Servs., Inc. v. Legion Indem. Co.*, 153 F.Supp.2d 869, 876 (E.D. La. 2001)). In other words, the policy must expressly state that coverage is voided if prompt notice is not provided. *Id.*

Here the policy contains "prompt notice" among plaintiff's "Duties After Loss," but LIGA fails to point to any provision expressly stating the consequence for noncompliance.

Coverage may still be denied, however, if the insurer can show it was "sufficiently prejudiced" by the lack of notice. *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1173 (5th Cir. 1992). LIGA asserts that it cannot properly inspect and adjust the claim due to the delay in notice. It presents no support for this claim, however, and this will surely prejudice plaintiff's ability to provide proof of loss as well if he has not made an adequate record. Additionally, plaintiff asserts that he acted in good faith by supplying his former attorneys with the information needed to pursue his claim. The court lacks sufficient evidence to make a determination as to the prejudice to LIGA or plaintiff's good faith. Accordingly, any coverage adjudication or ruling on plaintiff's ability to proceed with suit based on this issue must await a motion for summary judgment.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 24] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of January, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**