UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MIGUEL POUSSON**                                   **CASE NO. 6:22-CV-04717**

**VERSUS**                                           **JUDGE JAMES D. CAIN, JR.**

**SOUTHERN FIDELITY INSURANCE CO**    **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 37] filed by defendant Louisiana Insurance Guaranty Association ("LIGA"). Plaintiff Miguel Pousson failed to file a response within the court's deadlines and so the motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. Plaintiff, who was then represented by counsel from the law firm of McClenny Moseley & Associates, filed suit in this court against his insurer on August 25, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1. All cases filed by plaintiff's counsel were suspended due to concerns about misconduct committed by that firm. Docs. 4, 9. New counsel enrolled for plaintiff on October 9, 2023, and the stay was then lifted. Doc. 15. Meanwhile, plaintiff's insurer became insolvent and LIGA was substituted as defendant. Doc. 16.

LIGA moved to dismiss the suit, arguing that plaintiff lacked standing because he never made a claim on his insurance policy before filing suit. Doc. 24. The court denied that motion, finding no defect in subject matter jurisdiction. Doc. 32. The court also noted that it was LIGA's burden to establish prejudice from the lack of notice and that it had provided no support for this contention. Accordingly, on LIGA's motion to reconsider the court stayed Case Management Order deadlines for 30 days in order to allow LIGA to file a motion for summary judgment on the issue. Doc. 36.

LIGA has now done so, supporting its claim of prejudice with an affidavit from its litigation claims examiner. This individual attests that: (1) LIGA had no knowledge of the damage to plaintiff's property prior to being served with this suit in October 2023; (2) neither LIGA nor its predecessor had the opportunity to inspect the property and document the alleged damages prior to the filing of this lawsuit; and (3) because of the substantial delay between the storms and LIGA's first notice of the alleged damage, LIGA cannot properly evaluate the claim or the causation of any damage to the property. Doc. 37, att. 3. Plaintiff has filed no opposition.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by

pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*,

179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

As the court previously noted, a notice provision only acts as a condition precedent to coverage if the language in the contract is explicit. *Transcon. Pipeline Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 378 F.Supp.2d 729, 738 (M.D. La. 2005) (citing *Am. Safety Risk Servs., Inc. v. Legion Indem. Co.*, 153 F.Supp.2d 869, 876 (E.D. La. 2001)). In other words, the policy must expressly state that coverage is voided if prompt notice is not provided. *Id.* Here the policy contains "prompt notice" among plaintiff's "Duties After Loss" and provides that no suit may be brought against LIGA if the policyholder has not complied. Doc. 24, att. 2, pp. 8–9. It does not, however, state that coverage is voided based on noncompliance.

Coverage may still be denied, however, if the insurer can show it was "sufficiently prejudiced" by the lack of notice. *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1173 (5th Cir. 1992). Based on the uncontested affidavit of the litigation claims examiner, LIGA has met its burden of showing that the lack of notice sufficiently prejudiced its ability to adjust the claim. Accordingly, it may void coverage under the policy on this basis. In the absence of a valid contractual claim, plaintiff's bad faith claims must also fail. *E.g.*, *Estate of Nicholson v. Farmers Ins. Co.*, 555 F.Supp.2d 671, 676 (E.D. La. 2008) (citing *Clausen v. Fidelity and Deposit Co. of Md.*, 660 So.2d 83, 85 (La. Ct. App 1st Cir. 1995)).

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 37] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

THUS DONE AND SIGNED in Chambers on the 2nd day of May, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**